UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

FRANKIE WILLIAMS,

                        Plaintiff,

   -against-

SEAN TASHJIAN, Individually, and TYLER MOFFAT,
Individually,

                        Defendants.

------------------------------------------------------------------------------X

**COMPLAINT**

<u>Jury Trial Demanded</u>

**Docket No. 1:23-cv-1212 (MAD/DJS)**

Plaintiff FRANKIE WILLIAMS, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### VENUE

4. Venue is properly laid in the Northern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

### JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff FRANKIE WILLIAMS is a forty-nine-year-old man residing New York.

7. At all times hereinafter mentioned, the individually named defendants, SEAN TASHJIAN and TYLER MOFFAT were duly sworn police officers of the New York State Police ("NYSP") and were acting under the supervision of said department and according to their official duties.

8. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York.

9. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment.

## FACTS

10. On February 11, 2020, at approximately 11:00 a.m., plaintiff FRANKIE WILLIAMS was stopped and searched by the defendants in the vicinity of Fairview Avenue near the Jiffy Lube car wash located at 318 Fairview Avenue, Hudson, New York, pursuant to a purported search warrant that was, upon information and belief, fraudulently obtained by the defendants.

11. Notwithstanding the fact that no illegal contraband was recovered from plaintiff, and that plaintiff had neither committed any crime or offense, nor did the defendants have any credible reason to detain or otherwise search him further beyond any purported authority

conveyed by the fraudulently obtained warrant, plaintiff was unlawfully handcuffed, arrested, and transported in police custody to the NYSP facility known as Troop K Livingston ("Livingston"), located at 3353 Route 9, Hudson, New York.

12.    While imprisoned at Livingston, the defendant officers subjected plaintiff to an unlawful strip search.

13.    As plaintiff was not in possession of any contraband, he was released from custody without any charges, offenses or criminal process of any sort being lodged, filed, or served.

14.    The defendant officers subsequently conspired to falsely accuse Mr. Williams of crimes, and after fabricating said offenses in official NYSP paperwork and conveying same to prosecutors, in in or around late 2020, they appeared before a Columbia County grand jury, where they falsely accused Mr. Williams of said crimes.

15.    Based on the false testimony of the defendant officers of what purportedly transpired on February 11, 2020, plaintiff was indicted on two felony narcotics counts that carried penalties of years in prison if convicted.

16.    On January 8, 2021, at approximately 1:00 a.m., plaintiff was arrested on Rt. 82 in Livingston pursuant to the baseless arrest warrant that was wrongfully issued by virtue of the above-described indictment that was fraudulently obtained by the defendants based on false or otherwise fabricated claims against the plaintiff.

17.    Plaintiff was once again brought in NYSP custody to Livingston, where he was fingerprinted and photographed and otherwise held to be arraigned on the above-described false charges.

18. Plaintiff was then taken to Columbia County Jail at approximately 10:00 a.m.

19. Plaintiff appeared at a virtual arraignment before a criminal court judge and was thereafter released on his own recognizance.

20. As a result of the malicious prosecution, plaintiff was compelled to return to court on numerous occasions and was otherwise deprived of his liberty by virtue of the defendants' false allegations over the ensuing twenty-six months.

21. At a jury trial that commenced on or around March 20, 2023, the defendants accused plaintiff of the above-described allegations in open court.

22. Plaintiff thereafter testified in his own defense.

23. On March 27, 2023, plaintiff was acquitted on all counts, and the false felony charges were consequently dismissed and sealed, and otherwise deemed a legal nullity pursuant to New York Criminal Procedure Law § 160.50.

24. Defendants Sean Tashjian and Tyler Moffat either directly participated in or were present and aware of the illegal conduct described herein yet did nothing to intervene despite a reasonable opportunity to do so.

25. As a result of the foregoing, plaintiff FRANKIE WILLIAMS sustained, *inter alia*, pain and suffering, emotional distress, and loss of liberty.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. Defendants fraudulently obtained a search warrant for and otherwise falsely

4

arrested plaintiff FRANKIE WILLIAMS on February 11, 2020 and thereafter falsely arrested plaintiff again on January 8, 2021 based on false allegations to a grand jury, causing him to be detained against his will for an extended period of time, subjected to physical restraints and, as to February 11, 2020, to be unreasonably strip searched.

28.  As a result of the foregoing, plaintiff FRANKIE WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Unlawful Strip Search under 42 U.S.C. §1983)

29.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.  Defendants unreasonably strip-searched plaintiff FRANKIE WILLIAMS on February 11, 2020 in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was strip searched or a warrant authorizing a strip search.

31.  As a result of the foregoing, plaintiff FRANKIE WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

32.  Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants initiated, commenced and continued a malicious prosecution against plaintiff by providing false and/or misleading information to the Columbia County District Attorneys' office.

34. The aforesaid prosecution terminated in plaintiff's favor when he was acquitted on or around March 27, 2023.

35. As a result of the foregoing, plaintiff FRANKIE WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants created false evidence against plaintiff FRANKIE WILLIAMS.

38. Defendants utilized this false evidence against plaintiff FRANKIE WILLIAMS in legal proceedings.

39. As a result of defendants' creation and use of false evidence, plaintiff FRANKIE WILLIAMS suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

40. As a result of the foregoing, plaintiff FRANKIE WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants had an affirmative duty to intervene on behalf of plaintiff FRANKIE WILLIAMS, whose constitutional rights were being violated in their presence by other officers.

43. The defendants failed to intervene to prevent the unlawful conduct described herein.

44. As a result of the foregoing, plaintiff FRANKIE WILLIAMS' liberty was restricted for an extended period of time on two separate dates, he was put in fear of his safety, he was unreasonably strip searched, and he was maliciously prosecuted for over two years.

45. As a result of the foregoing, plaintiff FRANKIE WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff FRANKIE WILLIAMS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
September 27, 2023

BRETT H. KLEIN, ESQ. , PLLC
Attorneys for Plaintiff FRANKIE WILLIAMS
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By: *Brett Klein*
        _____
        BRETT H. KLEIN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

FRANKIE WILLIAMS,

                                            Plaintiff,

                                                                                       Docket No.

       -against-

SEAN TASHJIAN, Individually, and TYLER MOFFAT,
Individually,

                                            Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132